Ching-Lee Fukuda (*pro hac vice forthcoming*)
clfukuda@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: +1 212 839 7364
Facsimile: +1 212 839 5599

Benjamin M. Mundel (*pro hac vice forthcoming*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: +1 202 736 8157
Facsimile: +1 202 736 8711

Chad S. Hummel (SBN 139055)
chummell@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9505
Facsimile: +1 310 595 9501

Attorneys for Plaintiff
CRANIAL TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CRANIAL TECHNOLOGIES, INC, | Case No. 5:24-cv-0152 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ALCAM MEDICAL ORTHOTICS AND PROSTHETICS, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Cranial Technologies, Inc. ("Cranial Tech"), by its undersigned attorneys, for its Complaint against Defendant Alcam Medical Orthotics and Prosthetics ("Alcam"), alleges as follows:

## NATURE OF THE ACTION

1.     This case is about Cranial Tech's DOC BAND© cranial remolding helmets, products which are critical to infant health and development.  Cranial Tech has dedicated its business to treating flat-head syndrome, or plagiocephaly, a condition which if left untreated can cause health challenges for children later in life.  For decades, Cranial Tech has helped families navigate this condition and its causes and treatment, including by developing life-changing products and by educating parents with educational resources to which Cranial Tech owns the exclusive rights under the Copyright Act.

2.     Cranial Tech is an innovator and pioneer in the cranial orthotic helmet industry.  Cranial Tech's DOC Band is the first cranial helmet cleared by the U.S. Food & Drug Administration (FDA) for treatment of plagiocephaly (and related conditions brachycephaly and scaphocephaly), and later cleared for plagiocephaly treatment associated with post-surgical correction.  DOC Band is the only orthotic helmet supported by over three decades of proven results and clinical studies.  To date, Cranial Tech has cared for over 300,000 babies using the DOC Band cranial remolding helmet.

3.     Alcam is a direct competitor to Cranial Tech in the cranial remolding helmet market, though Alcam also offers other prosthetics and orthotic products.  Rather than invest in its own technology and product, Alcam has engaged in a flagrant campaign of false advertising and copyright violations to try to sell products based on Cranial Tech's name and reputation.  Specifically, Alcam has used images of Cranial Tech's DOC Band helmets and other Cranial Tech copyrighted material on its website, in videos including on its YouTube channel, and in printed brochures.  Alcam has sought to profit from DOC Band's well-established success and reputation by misrepresenting to parents that it sells the same helmet and from using Cranial Tech's

1

copyrighted material to sell Alcam products.  Alcam sales representatives are also offering "appreciation gift cards" in exchange for patient referrals—i.e., unlawful kickbacks—for Alcam helmets.

4.     Alcam is thus engaged in a scheme to trick customers about the nature of its products and unlawfully divert sales away from Cranial Tech.  This anti-competitive conduct constitutes straightforward violations of California and federal law.  Alcam is not authorized to use Cranial Tech's products and images in its advertising.

5.     Alcam is well aware of this serious misconduct because Cranial Tech has raised these issues with it repeatedly.  Cranial Tech first notified Alcam in 2022 that Alcam was improperly using Cranial Tech's DOC Band helmet and copyright on Alcam's website and in printed brochures without Cranial Tech's permission, and that Alcam was falsely and deceptively suggesting that Cranial Tech's products were Alcam's.  Alcam never responded.  In December 2023 and January 2024, Cranial Tech again repeatedly requested that Alcam cease and desist from its misconduct, including offering the unlawful kickback "appreciation gift cards" in exchange for referrals for Alcam's helmets.

6.     After over a month of delay in the course of these latest communications—and nearly two years of delay since Cranial Tech first raised these issues—Alcam has continued to use Cranial Tech's copyrighted material, refused to commit to cease such unauthorized use, and not even tried to cease its practice of offering unlawful kickbacks in the form of gift cards.  Only under threat of this lawsuit has Alcam just recently taken the simple step of taking down images of Cranial Tech's DOC Band helmet from its website and videos—and only after already inflicting lost sales, revenue, goodwill, and reputational harm to Cranial Tech.  And Alcam has refused to provide written confirmation that it has ceased using all images of Cranial Tech's DOC Band helmets and Cranial Tech's copyrighted images in Alcam advertising and marketing material, nor written confirmation that Alcam will not do so in the future.

7.     Cranial Tech brings this action to put an end to Alcam's misconduct that

COMPLAINT

is directly harming Cranial Tech's business, infringing its copyright, and, worse still, deceiving parents and the public about a product critical for infant health.

## THE PARTIES

8.    Plaintiff Cranial Tech is an Arizona corporation with its principal place of business at 1405 W Auto Drive, Fl. 2, Tempe, Arizona 85284.  Founded in 1986, Cranial Tech has focused its business on treatment and prevention of plagiocephaly (also called flat-head syndrome) in infants and has grown to be a leading provider of non-surgical treatment for that condition with its DOC BAND© cranial remolding helmets.  Cranial Tech has clinics across the country, including 21 in California.

9.    Defendant Alcam Medical Orthotics and Prosthetics is a California corporation with its principal place of business in Riverside, California.  On information and belief, Alcam has six clinics in California.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

11.    This Court also has subject matter jurisdiction because this action arises under the laws of the United States, including the Copyright Act, and this Court has supplemental jurisdiction over state-law claims because they are part of the same case and controversy as the federal claims.  28 U.S.C. §§ 1331, 1338, 1367.

12.    This Court has personal jurisdiction over Alcam because its principal place of business is in California and this district, and this action arises out of Alcam's contacts with California and this district.

13.    Venue is proper pursuant to 28 U.S.C. § 1391 because Alcam is a corporation subject to personal jurisdiction in California and this district, and therefore "shall be deemed to reside" in this district.  28 U.S.C. § 1391(c)(2).  Alcam's principal place of business is in this district.  Alcam is aware that its misrepresentations injured Cranial Tech in California.

COMPLAINT

**GENERAL ALLEGATIONS**

**A. Plagiocephaly and Brachycephaly Affect Babies' Head Shape And Often Require Treatment To Prevent Later Health Challenges.**

14.    Since its founding, Cranial Tech has dedicated its business to helping parents navigate conditions affecting their babies' head shape, plagiocephaly and brachycephaly.  Cranial Tech has extensively studied these conditions and how to best treat them, as well as provided resources to parents about these conditions.

15.    Plagiocephaly is also known as flat-head syndrome and is characterized by flat spots on a baby's head or a misshapen head causing it to look asymmetrical.  Brachycephaly is a related condition where the back of the head becomes flattened, causing the head to widen, and the babies' forehead may also bulge out.

16.    Because babies heads are soft and sensitive to even gentle external forces, there can be several causes of plagiocephaly and brachycephaly whether in the womb or in the course of daily life.  The causes of these conditions range from back sleeping and devices like car seats or rockers, to premature birth, having twins, or a baby's positioning in the womb (e.g., becoming stuck in one position).

17.    Plagiocephaly and brachycephaly are common, with some estimates that they affect almost half of infants.  Approximately one in every four babies, however, have severe cases.  In moderate to severe cases, experts recommend helmet therapy for treatment.

18.    If left untreated, these conditions can cause challenges for children later in life and into adulthood.  For example, they can cause asymmetry and a misshapen head into adult life, poor fitting glasses and safety equipment, and jaw misalignment resulting in crossbite or overbite and breathing problems like sleep apnea.

**B. Cranial Tech Has Invested Significant Resources In Its DOC Band Cranial Remolding Helmets and Copyrights.**

19.    Cranial Tech developed the DOC Band cranial remolding helmets to treat plagiocephaly and brachycephaly.  The DOC Band is the first cranial remolding helmet

4

cleared by the FDA for non-surgical correction of these conditions. And the FDA created a new medical device category known as the cranial orthosis (21 C.F.R. § 882.5970 cranial orthosis) based on the work of Cranial Tech. *See* https://www.cranialtech.com/regulatory.

20. To date, Cranial Tech has cared for over 300,000 babies with the DOC Band helmet, making Cranial Tech a leader in the industry.

21. Cranial Tech has invested significant effort and resources into DOC Band's development for decades. The DOC Band helmet is supported by over 35 years of clinical studies and proven results from satisfied families.

22. Cranial Tech's DOC Band helmets include the following:



23. Cranial Tech's DOC Band helmets are unique. They have a distinctive design and shape, and look and feel, which consumers associate with the helmet being a DOC Band helmet. The DOC Band is 44% more open at the top than other cranial remolding helmets, which keeps babies comfortable and cool through warmer months. The DOC Band weighs less than 6 ounces and is 32% lighter than other devices, which means it won't interfere with a baby's balance and daily activities. These helmets are custom fit to a baby's head, which is achieved by precision 3D imaging of a baby's

head, and helps to promote treatment outcomes while reducing treatment time. These helmets work by applying a gentle, active holding pressure that redirects a baby's head growth overtime, helping to prevent asymmetry that would otherwise occur. The DOC Band brand has been the driver of Cranial Tech's good will and reputation as business.



24.     The DOC Band is a class II FDA regulated orthotic device.

25.     To be treated with a DOC Band helmet, a prescription from a physician is required.

26.     Cranial Tech has also expended significant time, resources, and effort into developing materials for parents to learn about plagiocephaly and how to recognize it. Through the DOC Band and its accompanying educational resources, Cranial Tech has invested significant resources in building goodwill and brand recognition. And Cranial Tech has registered various copyrights to protect its original designs and material.

27.   As relevant here, Cranial Tech is the owner of the following copyrights (the "Cranial Tech Copyrights"):

| **Copyright** | **Source** |
|---|---|
|  | *You're Not Alone: A Parent Guide to Understand Plagiocephaly and the Care Experience at Cranial Technologies*, p. 5 (8/18/2020). Cranial Technology website, https://www.cranialtech.com/plagiocephaly/what-is-plagiocephaly. **Copyright Registration # TXu-1-022-823** |
|  | *What is Plagiocephaly? Your Baby's Head Shape*, p. 2 (Registered Jan. 24, 2011) . **Copyright Registration # TXu 7-376-202** |

**C. Alcam's Anti-Competitive Scheme to Deceive Consumers By Using Cranial Tech's DOC Band Product and Divert Profits Away from Cranial Tech.**

28.   Alcam is Cranial Tech's direct competitor in the cranial remolding helmet market, including in California.

29.   In 2022, Cranial Tech became aware the Alcam was using images of Cranial Tech's DOC Band helmets and the Cranial Tech Copyrights on its website and in printed brochures.   Cranial Tech contacted Alcam in a letter from its counsel, explaining that Cranial Tech did not authorize this use and that Alcam was falsely and deceptively suggesting that Cranial Tech's products were Alcam's.   Cranial Tech demanded that Alcam cease and desist from this conduct.

7

30.     Alcam's use of Cranial Tech's DOC Band helmet and the Cranial Tech Copyrights included the following, which appeared on Alcam's website and printed brochures respectively:





31.    The yellow cranial remolding helmet with polka-dots is a DOC Band helmet.  The DOC Band helmet's unique shape and design features include a more open top, distinctive shape and size of caps and corners, and the frontal key:

| **Alcam Website Image** | **Cranial Tech's DOC Band Helmet** |
| --- | --- |
|  | |

32.    The images of plagiocephaly and brachycephaly on the bottom left of the printed brochure are part of the Cranial Tech Copyrights:

| **Alcam Brochure Image** | **Cranial Tech Copyright** |
| --- | --- |
| Plagiocephaly    Brachycephaly | Plagiocephaly    Brachycephaly |
| | Copyright Registration # **TXu 7-376-202** |

33.    Alcam never responded to Cranial Tech's 2022 letter and continued to use Cranial Tech's DOC Band helmet and the Cranial Tech Copyrights without

1     authorization.

2        34.    Then in late 2023, there was a report from field representatives in the

3 greater Los Angeles area that Alcam was engaged in further misconduct.  An Alcam

4 care representative contacted a provider offering appreciation gift cards in exchange for

5 prescription referrals for Alcam cranial remolding helmets.  The Alcam representative

6 contacted at least one provider stating: "New RX attached, just give to patent [sic] and

7 have them call us and we'll schedule. . . . <u>Let me know when you send some to us so I</u>

8 <u>can send you Starbux appreciation GC's!</u> . . . We greatly appreciate your referrals!"

9        35.    In a December 20, 2023 letter from its counsel, Cranial Tech notified

10 Alcam of this misconduct and that Alcam was in violation of the federal Anti-Kickback

11 Statute, 42 U.S.C. § 1320a-7b, and amounts to unfair competition under California law,

12 Cal. Bus. & Prof. Code § 17200.

13        36.    Also in its December 20, 2023 letter, Cranial Tech again demanded that

14 Alcam cease and desist from any and all uses of Cranial Tech's DOC Band helmets and

15 the Cranial Tech Copyrights on its website and electronic, print, and other material.

16 Cranial Tech included a copy of its 2022 letter to Alcam as well.  Alcam's website

17 continued to prominently display an image of the same DOC Band helmet as before and

18 continued to misrepresent that Alcam sold this helmet by stating in text directly to the

19 side of the image: "Alcam offers cranial remolding helmets to correct" issues with

20 "brachycephaly and scaphocephaly."  Just below this image, the website continued:

21 "When you contact Alcam for a cranial remolding helmet, you can be confident that

22 your needs and the needs of your child will be addressed."  But the most prominent

23 image on the website—the yellow cranial remolding helmet with polka-dots—was

24 Cranial Tech's helmet, not an Alcam product.

25        37.    Alcam's use of the image of Cranial Tech's DOC Band helmet was part of

26 an effort to deceive and confuse consumers—parents with babies with plagiocephaly—

27 as well as to inflict harm on Cranial Tech in the form of lost profits, sales, and good

28 will.

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      38.     Cranial Tech further notified Alcam that its printed brochures continued to include the Cranial Tech Copyrights.   The December 20, 2023 letter provided an additional example of this:





COMPLAINT

39.     Specifically, the "PLAGIOCEPHALY | View of head from above" image is an unauthorized reproduction of one of the Cranial Tech Copyrights:



40.     This Cranial Tech Copyright is on Cranial Tech's website: https://www.cranialtech.com/plagiocephaly/what-is-plagiocephaly; and in resources for parents developed by Cranial Tech: https://ee5f8fb6c2f245b1craftcms.blob.core.windows.net/container-craftcms/uploads/Information-sheets/Information-Sheet-Youre-not-alone.pdf.

41.     Alcam directly copied this Cranial Tech graphic without authorization, changing only the orientation of the graphic.  And Alcam has completely refused to remove the Cranial Tech Copyrights from its print brochures.

42.     Alcam responded to Cranial Tech's December 20, 2023, attempting to disclaim responsibility for its use of the DOC Band helmet while ignoring the remainder of the issues raised by Cranial Tech.  Alcam did not provide written confirmation, as requested by Cranial Tech, that it had stopped using all images of Cranial Tech's products and the Cranial Tech Copyrights.  But Alcam did admit that it had purchased the photo of the DOC Band helmet from a third party, and therefore, that the helmet was not an Alcam helmet.

43.     On December 22, 2023, in another letter from counsel, Cranial Tech requested that Alcam provide written confirmation that it had ceased its misconduct by January 2, 2024.

44.     On or about January 3, 2024, Alcam removed the image of Cranial Tech's DOC Band helmet from its website.  Alcam, however, concealed the fact that it had not

only used an image of the DOC Band helmet on its website, but also in videos advertising its products.  Cranial Tech discovered another image of its DOC Band helmet in a video on Alcam's YouTube channel:



45.   On January 3, 2024, Cranial Tech contacted Alcam again, demanding the immediate removal of all images of Cranial Tech's products and the Cranial Tech Copyrights from Alcam's videos, brochures, and any other material.  Cranial Tech further requested written confirmation that Alcam had ended its practice of offering appreciation gift cards in exchange for referrals.

46.   Despite Cranial Tech providing the specific video to Alcam, as well as the specific brochure images of the Cranial Tech Copyrights, Alcam dragged its feet requesting another month to end its use of the DOC Band helmet images and the Cranial Tech Copyrights.  In a January 5, 2024 email, Cranial Tech's counsel requested that Alcam provided written confirmation that it had ended its misconduct by January 9, 2024.

47.   On January 8, 2024, Alcam again attempted to disclaim responsibility for

13

its use of Cranial Tech's DOC Band helmet and the Cranial Tech Copyrights, and Alcam dismissed the unlawful practice of "appreciation gift cards" as "gossip."

48.   On or about January 9, 2024, Alcam published new videos on its YouTube channel and on its websites advertising its cranial remolding helmets.  The other video depicting Cranial Tech's DOC Band helmet remained online at this time.

49.   On or about January 13, 2024, Alcam finally removed the video depicting Cranial Tech's DOC Band helmet from its YouTube channel and website.  The timing of removal—waiting until after Alcam published new advertising videos—reveals that Alcam has merely been engaged in delay tactics in an effort to profit off the DOC Band reputation and success for as long as possible.

50.   Alcam has never provided written confirmation that it has removed all images of Cranial Tech's products from all of its electronic, print, and other advertising material.  Nor has Alcam ever addressed or sought to remedy its continued use of the Cranial Tech Copyrights despite the repeated notifications from Cranial Tech. Likewise, on information and belief, Alcam has not removed any images of Cranial Tech's DOC Band helmets, like the yellow cranial remolding helmet with polka-dots, from Alcam's printed brochures.

51.   Alcam's misconduct is intentional and part of an unfair and anti-competitive scheme to scheme to trick consumers and unlawfully divert profits away from Cranial Tech.

**FIRST CAUSE OF ACTION**

**(LANHAM ACT VIOLATION, 15 U.S.C. § 1125)**

52.   Cranial Tech incorporates the allegations in Paragraphs 1 through 51 here by reference.

53.   The Lanham Act, 15 U.S.C. § 1125(a)(1), prohibits the use in commerce of "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which" is: (A) "likely to cause confusion, or to cause mistake, or

14

to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person," or (B) "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."

54.     The Lanham Act also authorizes "any person who believes that he or she is or is likely to be damaged by such" a violation to file a civil action for an injunction and damages. *Id.* § 1125(a)(1).

55.     Alcam has and will continue to violate § 1125(a)(1)(A) by causing consumers to be confused, mistaken, or deceived as to whether the cranial remolding helmets in Alcam's advertising material are in fact Alcam's helmets.  They are not because Alcam has falsely used Cranial Tech's helmets in its advertising, specifically the yellow cranial remolding helmet with polka-dots.

56.     Alcam thus associated Cranial Tech's DOC Band product with its own product, creating confusion in the marketplace.

57.     Alcam has and will continue to violate § 1125(a)(1)(B) by misrepresenting the nature, characteristics, and qualities of its products.  Alcam has used certain cranial remolding helmets in its advertising (the yellow cranial remolding helmet with polka-dots) to sell its products that are Cranial Tech's helmets and certainly not Alcam's helmets.

58.     Alcam has made all these statements in interstate commerce.

59.     These misrepresentations are material and are reasonably relied on by consumers.  These representations will cause consumers to purchase Alcam's helmets because they will cause consumers to think they will receive a certain type of helmet, which are in fact Cranial Tech helmets and not Alcam's.  Consumers would not do so if they knew that Alcam was using images of Cranial Tech's products in its advertising—they would have instead purchased Cranial Tech helmets.

60.     These misrepresentations have harmed and will continue to harm Cranial

15

Tech in terms of lost revenue and good will.

61.   Cranial Tech is therefore entitled to and injunction and damages under the Lanham Act.

## SECOND CAUSE OF ACTION

### (UNFAIR COMPETITION LAW, Cal. Bus. & Prof. Code § 17200 *et seq.*)

62.   Cranial Tech incorporates the allegations in Paragraphs 1 through 61 here by reference.

63.   California's Unfair Competition Law ("UCL") prohibits "unlawful, unfair, or fraudulent" conduct in business activities.

64.   Alcam has violated and will continue to violate California's UCL by making materially false and misleading representations about its products, as shown by its history of misrepresenting Cranial Tech's cranial remolding helmets as its own.

65.   Alcam has misrepresented that the yellow cranial remolding helmet with polka-dots on its website and advertising and marketing material is an Alcam product, but in fact it is a Cranial Tech DOC Band helmet.  And Alcam has admitted that this helmet is not an Alcam product.

66.   Alcam has also violated the UCL by its practice of offering "appreciation gift cards" in exchange for referrals.  That practice is a clear violation of the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, which is "unlawful, unfair or fraudulent" conduct under California's UCL.

67.   Alcam's conduct is part of its anti-competitive scheme to trick consumers and unlawfully divert profits away from Cranial Tech.

68.   Alcam's conduct is unlawful as it violates federal and state law, including the Lanham Act, the Copyright Act, the Anti-Kickback Statute, and California's False Advertising Law.

69.   Alcam's conduct constitutes an unfair trade practice because statements in its advertising are false and misleading with respect to its cranial remolding helmet products.  This conduct is unfair because Alcam has passed off Cranial Tech's products

as its own, thus misleading consumers about a product critical to their babies' health. This conduct is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

70.    Alcam's conduct is also fraudulent.  Alcam is representing that it sells certain cranial remolding helmets that it does not own or sell, specifically the yellow cranial remolding helmet with polka-dots which is a DOC Band helmet.

71.    Alcam's statements are material and relied on by consumers.  Parents rely on Alcam's representations about the nature, quality, and appearance of its cranial remolding helmets when determining whether to buy Alcam's products.   Alcam obviously knows this.  Yet Alcam has a long history of knowingly using Cranial Tech's cranial remolding helmets in its advertising to lure parents into buying Alcam's products.

72.    Alcam's conduct offends public policy and causes substantial injury to consumers by making fraudulent misrepresentations regarding critical products that parents rely on for their babies' health and safety.

73.    These injuries are substantial and not outweighed by any countervailing benefits to consumers.

### THIRD CAUSE OF ACTION

### (FALSE ADVERTISING LAW, Cal. Bus. & Prof. Code § 17500 *et seq.*)

74.    Cranial Tech incorporates the allegations in Paragraphs 1 through 73 here by reference.

75.    Alcam has published false information about its products by passing off Cranial Tech's cranial remolding helmets as Alcam's, specifically the yellow cranial remolding helmet with polka-dots which is a DOC Band helmet.

76.    Alcam's advertisements containing images of Cranial Tech's cranial remolding helmets are false, untrue, and misleading in that the advertisements pass Cranial Tech's products off as Alcam's.  The advertisements are likely to deceive parents and the public.

COMPLAINT

77.     Alcam knew these statements were false and misleading.  Cranial Tech has repeatedly raised the misconduct alleged herein with Alcam.  Despite acknowledging that some products displayed in its advertising were not Alcam's—and taking down a certain image of a Cranial Tech helmet from its website and videos—Alcam has refused to confirm whether it has removed all such images from its advertising, including in printed Alcam's brochures, or to even investigate this issue.

78.     Alcam is causing financial injury to Cranial Tech's business because Cranial Tech suffers lost sales, revenue, goodwill, and harm to its reputation.  Parents are also harmed by not getting the products for their babies as advertised to them, because they are tricked into buying what they think are Alcam helmets as a result of Alcam using Cranial Tech's products in its advertising.

## FOURTH CAUSE OF ACTION

### (COPYRIGHT ACT, 17 U.S.C. §§ 101 *et seq.*,  501 *et seq.*)

79.     Cranial Tech incorporates the allegations in Paragraphs 1 through 78 here by reference.

80.     The Copyright Act prohibits any unauthorized copying of works of the copyright owner.

81.     The Cranial Tech Copyrights are original work and copyrightable subject matter under 17 U.S.C. § 101 *et seq.*

82.     At all relevant times, Cranial Tech has owned and still owns all exclusive rights in the Cranial Tech Copyrights, including the right to reproduce, to prepare derivative works, and to distribute copies, throughout the United States.  Cranial Tech's copyright registrations for the Cranial Tech Copyrights are valid and in full force and effect (copyright registration numbers: TXu-1-022-823, and TXu 7-376-202).

83.     Alcam has reproduced, distributed, and displayed the Cranial Tech Copyrights in its advertising material, including in its printed brochures advertising Alcam's cranial remolding helmets.

84.     Cranial Tech has never assigned or licensed any rights to the Cranial Tech

Copyrights to Alcam.

85.    Alcam has deliberately and unlawfully copied, displayed, reproduced, created derivative works of, adapted, marketed, sold, and/or distributed the Cranial Tech Copyrights in violation of Cranial Tech's exclusive rights under the Copyright Act.

86.    Cranial Tech notified Alcam in March 2022 of the specific images of the Cranial Tech Copyrights that Alcam was using without authorization and demanded that Alcam cease and desist.  Alcam never responded and continued using the Cranial Tech Copyrights without authorization.  In December 2023 and January 2024, Cranial Tech again demanded that Alcam cease and desist from this misconduct.  While Alcam has removed certain images of Cranial Tech's DOC Band cranial remolding helmets from its website, advertising videos, and YouTube channel, Alcam has continued to use the Cranial Tech Copyrights without authorization.

87.    Alcam's actions constitute willful copyright infringement in violation of 17 U.S.C. §§ 501, 504.

88.    Alcam reaps the benefit of its unauthorized copying in the form of revenue, other profits, and good will from using the Cranial Tech Copyright to drive sales of Alcam's products.

89.    Pursuant to 17 U.S.C. § 504, Cranial Tech is entitled to actual damages and any additional profits attributable to Alcam's acts, as well as statutory damages, enhanced for Alcam's willful infringement.

90.    Pursuant to 17 U.S.C. § 502, Cranial Tech is entitled to an injunction restraining Alcam's infringement of the Cranial Tech Copyrights.

91.    Alcam has caused, and if not enjoined, will continue to cause, Cranial Tech irreparable injury for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Cranial Tech respectfully requests judgment from this Court as follows:

1    A.    Issue a declaratory judgment that Alcam has violated the California Unfair
2  Competition Law, California False Advertising Law, the federal Lanham Act, and the
3  federal Copyright Act;

4    B.    Issue a preliminary and permanent injunction enjoining Alcam from using
5  images of Cranial Tech products and the Cranial Tech Copyrights in any Alcam
6  advertising and/or marketing material, including on Alcam's website, YouTube
7  channel, and printed brochures;

8    C.    Issue a preliminary and permanent injunction ordering Alcam to
9  immediately remove images of Cranial Tech products and the Cranial Tech Copyrights
10  from Alcam's advertising and/or marketing material, including on Alcam's website,
11  YouTube channel, and printed brochures;

12    D.    Award Cranial Tech compensatory damages for lost sales of its cranial
13  remolding helmets;

14    E.    Award treble and/or punitive damages for Alcam's misconduct;

15    F.    Order disgorgement of Alcam's profits;

16    G.    Award costs, attorneys' fees, and pre- and post-judgment interest;

17    H.    Enter any other relief that is just and proper.

19    ## DEMAND FOR JURY TRIAL

20    Cranial hereby demands trial by jury for all causes of action, claims, or issues
21  that are triable as a matter of right to a jury.

22  Date: January 23, 2024

23                              By: */s/ Chad S. Hummel*

24                              Ching-Lee Fukuda
25                              Benjamin M. Mundel
                               Chad S. Hummel
26                              Attorneys for Plaintiff
                               CRANIAL TECHNOLOGIES, INC.

27

28

COMPLAINT